IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARROW BOGGIANO,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICIALCITYSITES.ORG.,<br>LENDERHOST, INC. and DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT LENDERHOST'S MOTION TO DISMISS<br><br><br><br>Case No. 2:05-CV-623 TS |

This matter is before the Court on Defendant Lenderhost's Motion to Dismiss. Lenderhost seeks to dismiss Plaintiff's Complaint on the following grounds: (1) lack of personal jurisdiction; (2) improper venue; and (3) insufficient service of process.[1]  For the reasons stated below, the Court will grant Defendant Lenderhost's Motion to Dismiss and will dismiss Plaintiff's Complaint as against it.

---

[1] In its Reply brief, Defendant Lenderhost states that service of process has been properly effectuated upon its registered agent in Delaware and that dismissal for insufficient service of process is no longer appropriate. *See* Docket No. 26, at 7.

1

I.  BACKGROUND

Plaintiff is the owner of CitySites, the original Plaintiff in this action.  CitySites has its principal place of business in San Francisco, California and owns the internet domain name "www.citysites.com."  Defendant Lenderhost is a Delaware corporation with its principal place of business in Louisiana.  Plaintiff alleges that Defendant Lenderhost is connected with Defendant OfficialCitySites.org, which Plaintiff believes is a Utah corporation operating in Hurricane, Utah.

II.  LACK OF PERSONAL JURISDICTION

Plaintiff carries the burden of establishing personal jurisdiction over Defendants.[2]  "'To obtain personal jurisdiction . . . a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[3]  "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[4]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[5]  "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make

---

[2] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[3] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[4] *Systems Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

[5] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

a prima facie showing."[6]  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[7]  The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.

A.    GENERAL JURISDICTION

For general jurisdiction to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'"[8]  A number of factors are relevant to the issue of whether general personal jurisdiction exists, including whether the defendant is: (1) engaged in business in this state; (2) licensed to do business in this state; (3) owning, leasing, or controlling property or assets in this state; (4) maintaining employees, offices, agents, or bank accounts in this state; (5) shareholders reside in this state; (6) maintaining phone or fax listings within this state; (7) advertising or soliciting business in this state; (8) traveling to this state by way of salespersons; (9) paying taxes in this state; (10) visiting potential customers in this state; (11) recruiting employees in the state; and (12) generating a substantial percentage of its national sales through revenue generated from in-state customers.[9]

Plaintiff has not alleged that Defendant Lenderhost has engaged in any of these types of activities.  Nor has Plaintiff alleged that Lenderhost has engaged in "substantial and continuous"

---

[6]*Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[7]*Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[8]*Soma*, 196 F.3d at 1295 (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)).

[9]*Id*. at 1295–96 (citing *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928, 930–31 (Utah Ct. App. 1998)).

activity in Utah. Lenderhost has provided an undisputed Affidavit which states that Lenderhost does not engage in business in Utah, does not maintain office space, employees or other administrative resources in Utah, and does not direct advertising to or solicit business in Utah.[10] The Court finds that general personal jurisdiction is lacking.

B.      SPECIFIC JURISDICTION

When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[11] In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[12]

If the Court finds that the Defendant had adequate minimum contacts with the forum state, the Court must also determine that personal jurisdiction is reasonable in light of the circumstances surrounding the case, or, in other words, that exercising jurisdiction would not offend traditional notions of "fair play and substantial justice."[13] "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most

---

[10] Docket No. 26, Affidavit of Janet Ballweber, at 2.

[11] *Burger King*, 471 U.S. at 472-73.

[12] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[13] *Burger King*, 471 U.S. at 476.


efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies."[14]

Plaintiff's only allegation which may support a finding of specific personal jurisdiction as to Defendant Lenderhost is Lenderhost's alleged involvement with Defendant OfficialCitySites.org. Plaintiff argues that Lenderhost derives income from OfficialCitySites.org because of a link to Lenderhost's website. Plaintiff also alleges that Lenderhost has worked to build and maintain OfficialCitySites.org. Plaintiff has not provided any evidence to substantiate these allegations.

Defendant Lenderhost has provided the Affidavit of Janet Ballweber, the Director for Lenderhost, to counter Plaintiff's claims. Ms. Ballweber states that Lenderhost is not a partner with OfficialCitySites.org and does not own any interest in it. The Affidavit goes on to state that Lenderhost is not the alter ego of OfficialCitySites.org, or vice versa. Further, the Affidavit states that Lenderhost does not own the domain names "OfficialCitySites.org," "OfficialCitySites.com," or "OfficialCitySites.net." Ms. Ballweber states that Lenderhost did not participate in the incorporation of OfficialCitySites.org. Ms. Ballweber also states, on information and belief, that Lenderhost derives no income from OfficialCitySites.org.

At most Plaintiff has alleged that a link to Lenderhost was displayed on OfficialCitySites.org. "Establishing jurisdiction through the Internet, or more specifically through a website, has been analyzed by some courts under a framework of three general categories lying along a sliding scale."[15] On one end of the scale is where a defendant clearly

---

[14]*Bell Helicopter*, 385 F.3d at 1296.

[15]*Xactware, Inc. v. Symbility Solution Inc.*, 402 F.Supp. 2d 1359, 1363 (D. Utah 2005) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1123–24 (W.D. Pa. 1997)).

does business over the Internet, such as entering into contracts which require the knowing and repeated transmission of files over the Internet.[16]  Jurisdiction is proper in those cases.[17]  On the other end of the scale are passive web sites that do little more than make information available to those who are interested.[18]  Exercising jurisdiction in these cases is inappropriate.[19]  A middle category encompasses interactive web sites where a user can exchange information with the host computer.[20]  In this category, whether jurisdiction is appropriate depends on the nature and level of interactivity.[21]

      The Court wishes to make clear that it is not determining whether jurisdiction would be proper for Defendant OfficialCitySites.org because of their website.  This Order only addresses whether jurisdiction is proper as to Defendant Lenderhost based on the link provided to their website on OfficialCitySites.org.  That being said, the Court finds that this link is insufficient for the Court to find that specific personal jurisdiction over Defendant Lenderhost.  The Court finds the link to be passive in nature.  It only provides users the information to access Lenderhost's website.  It does no more than this.  Therefore, the Court will grant Defendant Lenderhost's Motion to Dismiss for Lack of Personal Jurisdiction.

---

[16] *Zippo*, 952 F.Supp. 2d. At 1123–24.

[17] *Id*.

[18] *Id*.

[19] *Id*.

[20] *Id*.

[21] *Id*.

Since there is no personal jurisdiction over Defendant Lenderhost, the Court will not consider whether venue is proper in Utah.

### III.  CONCLUSION

It is therefore ORDERED that Defendant Lenderhost's Motion to Dismiss (Docket No. 15) is GRANTED.  Plaintiff's Complaint is dismissed as against Defendant Lenderhost.

DATED   April 17, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge